## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**PABLO ENRIQUE ROSADO-SANCHEZ**,

    Plaintiff,

    v.

**BANCO SANTANDER PUERTO RICO,**
Defendant.

Civil No. 17-2169 (BJM)

## OPINION AND ORDER

Plaintiff Pablo Enrique Rosado Sánchez ("Rosado") brings suit against Banco Santander Puerto Rico ("Santander") under the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681. Dkt. 2 at 1. Rosado alleges that Santander failed to properly report certain payments to the large credit reporters, including Equifax, Experian, and Transunion in violation of the FCRA's requirement to fairly report his information. Dkt. 5-1 at 2; 15 U.S.C § 1681(b). Because of this inaccurate reporting Rosado's credit score has fallen, and he claims the lower score impedes his ability to provide for his family and take care of his medical needs. Dkt. 2 at 3. Santander moved for summary judgment, claiming that there were several uncontested facts that show that they accurately reported all of Rosado's payment information. Dkt. 115 at ¶¶ 1–12. Rosado opposed the motion claiming that it did not address the allegedly unreported payments at issue in this case. Dkt. 118. Santander did not reply. The case is before me on consent of the parties. Dkt. 92. For the reasons set forth below, Santander's motion is **GRANTED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo*

*v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh the facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995). Under Rule 56(a), summary judgement is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Donate-Romero v. Colorado*, 856 F.2d 384, 386 (1st Cir. 1988).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and an evaluating court may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

Nonetheless, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

## BACKGROUND

The following facts are alleged in the parties' various motions as well as in each party's respective Local Rule 56 submissions.[1]

Rosado is a forty-nine-year-old school teacher who currently works at Ricardo Arroyo Laracuente School in Dorado, Puerto Rico. Dkt. 115-1 at 7. Rosado has two accounts with Santander: a personal loan account and a MasterCard credit card account. *Id.* at 8. From August 2014 to August 2015 Rosado had an undescribed discrimination issue with his employer that resulted in him losing his salary for that year.[2] *Id.* at 12. Because of this loss in salary, Rosado was unable to make standard monthly minimum payments on his Santander accounts between August 2015 and August 2016. *Id.* However, Rosado claims that during this time he did make some payments on his accounts. Dkt. 115-1 at 17. Rosado claims he resumed regular payments on August 29, 2016 and made them until May 26, 2017. *Id.* at 29. Rosado specifically alleges that Santander failed to inform the credit bureaus of the payments Rosado made on his MasterCard account since January 12, 2017 and the payments he made on his personal loan since May 26, 2017. *Id.* at 33. Rosado contends that this has resulted in other banks denying him and has deprived his family of certain essential needs. Dkt. 115-1 at 39.

---

[1] Local Rule 56 is designed to "relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." *CMI Capital Market Inv. v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). It requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by citations to the record, that the movant contends are both uncontested and material. D.P.R. Civ. R. 56(b), (e). The opposing party must admit, deny, or qualify those facts, also with record support, paragraph by paragraph. *Id.* at 56(c), (e). The opposing party may also present, in a separate section, additional facts, set forth in separate numbered paragraphs. *Id.* 56(c). When the moving party replies to the opposition to a motion for summary judgment, that reply must include a statement of material facts limited to those submitted by the opposing party. D.P.R. Civ. R. 56(d). While the "district court may forgive a party's violation of a local rule," litigants ignore the Local Rule "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007).

[2] Rosado has filed a complaint with the Equal Employment Opportunity Commission for three types of discrimination regarding this incident. Dkt. 115-1 at 12.

Rosado filed this complaint on September 1, 2017. Dkt. 2. Throughout the entirety of this case, Rosado has acted pro se and *in forma pauperis*. Dkt. 19-1 at 1. The court assigned pro bono counsel to Rosado, but Rosado disagreed with the appointment, citing past issues with pro bono counsel and believing that the appointment would cause further delays to the resolution of his case. Dkts. 14, 16, 19-1 at 1. Rosado appealed the order appointing pro bono counsel to the First Circuit, stating that the order (which stayed the proceedings for 30 days to allow appointed counsel sufficient time to prepare) constituted a bad faith or unnecessary delay in violation of Rule 56(h). Dkts. 17 at 1, 20 at 2. The First Circuit dismissed this appeal for lack of jurisdiction, stating that it only may rule on interlocutory appeals that "conclusively determine the disputed question." Dkt. 31 at 1 (citing *U.S. Fid. & Guar. Co. v. Arch Ins. Co.*, 578 F.3d 45, 54 (1st Cir. 2009)). The appointed pro bono attorney, Natalia Palmer-Cancel ("Palmer") attempted numerous times to contact Rosado pursuant to her obligations under Local Rule 83L. *See* Dkt. 30. Rosado ignored all of Palmer's attempts to set up appointments with him, and the court ultimately allowed Palmer to be dismissed from the case. *Id.* at 2–3; Dkt. 35.

Rosado thus continued pro se; however, he failed to comply with several federal rules by filing improper responses to Santander's answer and demanding that the court issue a final ruling prior to discovery. Dkt. 48. Due to Rosado's difficulty in complying with the court's rules, the court found that "in the interest of justice and judicial economy, [Rosado] should not litigate this case pro se" and once again appointed pro bono counsel for Rosado. *Id.* The court named attorney Rodolfo Carrion-Vargas ("Carrion") as Rosado's new pro bono counsel. Dkt. 52. Rosado once again rejected this appointment and reiterated his right to continue this suit pro se. Dkt. 53 at 1. Carrion reached out to Rosado via certified mail and email, but Rosado did not answer any of the communication attempts nor meet with Carrion at any of the proposed times. Dkt. 61 at ¶ 6. When Carrion attempted to withdraw himself from the case, the court held his request in abeyance and ordered Rosado

to at least meet with Carrion to discuss the case as well as the complexity of federal litigation in general. Dkt. 75 at 2; *see* Dkt. 61.

Following the appointment of Carrion, Rosado continued to file several motions (presumably without Carrion's assistance) in violation of both the Federal Rules of Civil Procedure and the Local Rules of this district. *See* Dkts. 65, 68, 70, 76, 78, 79, 80, 81. The court stated on three separate occasions that Rosado's continued failure to comply with the court's rules will result in sanctions, including dismissal of his case with prejudice. Dkts. 73, 75, 83. On January 22, 2019, proceedings were held in which this court strongly encouraged Rosado to settle his issues with Carrion and not continue pro se. Dkt. 91 at 1. This recommendation fell on deaf ears, Rosado insisted that he continue this case without representation, and this court dismissed Carrion from his duties as Rosado's pro bono counsel. Dkt. 99 at 2; Dkt. 106.

On April 23, 2019, Santander filed a motion for summary judgment, alleging that Rosado failed to make payments on both of his accounts throughout 2015 and 2016. Dkt. 115 at ¶ 4. Santander claims they always reported Rosado's accounts pursuant to the terms and conditions of the original agreements. *Id* at ¶ 11. Rosado filed a handwritten opposition to Santander's motion, claiming that the motion was a "charlatan act" from the bank and stating that they failed to report the two accounts with precision as of January 12, 2017 (for the credit card) and May 26, 2017 (for the personal loan). Dkt. 118 ¶¶ 1–3. Rosado's opposition does not cite to the record to support this claim, nor does he respond individually to each of Santander's claims as required by Local Rule 56. *See id.*

## DISCUSSION

The FCRA was passed by Congress in 1970 to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." S*afeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007). The act details obligations for Credit Reporting Agencies ("CRAs") such as Experian and TransUnion, as well as "furnishers" of information to the CRAs such as Santander in the case at hand. Under 15 U.S.C. §

1681s–2, furnishers have two primary obligations. First, furnishers may not provide inaccurate information to the CRAs. 15 U.S.C § 1681s–2(a)(1). Second, furnishers have specific duties in the event of a dispute over furnished information. 15 U.S.C. § 1681s–2(b). Congress has explicitly prohibited private suits over the first obligation. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); s*ee also* 15 U.S.C. § 1681s–2(c)(1). Therefore, in order to bring a private suit against a furnisher under the FCRA, a plaintiff must show that the furnisher did not adhere to its duties upon being properly made aware of a dispute over the information reported. *See id.*

A consumer wishing to bring an FCRA claim against a furnisher must first notify the CRAs of an alleged inaccuracy in the furnisher's report. *Barrepski v. Capital One Bank*, 439 F. App'x 11, 12 (1st Cir. 2011). Next, the CRA will inform the furnisher, at which point the furnisher will be obligated to begin an investigation. *Id.* The furnisher's obligation to investigate and correct their error "begins ONLY upon the furnisher's receipt of notice FROM THE CRA; notice directly from the consumer is not enough." *Id.* (emphasis original). Therefore, in order to prevail on his FCRA claim, Rosado must show that he followed the proper complaint channels under § 1681s–2(b) and that Santander has failed to carry out its statutory obligations under the FCRA. *See Chiang*, 595 F.3d at 35.

Santander's motion for summary judgment states twelve uncontested facts which, if uncontroverted, would show that there is no genuine dispute as to any material fact and thus entitle Santander to receive summary judgment. Fed. R. Civ. P. 56(a); *see* Dkt. 115 ¶¶ 1–12. Santander's uncontested facts are as follows:

> 1. Plaintiff, Mr. Pablo Enrique Rosado Sánchez, was born on July 14, 1969, therefore he is 49 years old. (See deposition transcript, exhibit 1, page 6).
>
> 2. Plaintiff was granted a Bachelor Degree from "Unversida del Sagrado Corazón". (See exhibit 1, page 7).
>
> 3. Plaintiff has 2 credit facilities provided by BS which are:
>     a. Personal Loan number XXXXXX7310

b. MasterCard credit card number XXXX XXXX XXXX 6454. (See exhibit 1, page 8).

4. During 2014-2015 [Rosado] had certain problem with his employer which caused the filing of charges before the Equal Employment Opportunity Commission and a lawsuit before the U.S. District Court for the same time Plaintiff did not received salary which caused that the payments to the credit card and the personal loan were interrupted. (See exhibit 1, page 11)

5. The interruption of payments for the personal loan and the credit card was from August 2015 to the end of August 2016. (See exhibit 1, page 12).

6. Regarding the credit card account Plaintiff entered on January 31, 2017 into a payment plan agreement for the payment of $6,117.17 of principal owed in 48 installments. (See exhibit 1, to Plaintiff deposition).

7. In regard to the payment of a credit card the credit card agreement requires that a monthly minimum payment is made. (See exhibit 1, page 24).

8. In regard to the personal loan the payment terms were 84 monthly installments of $265.08. (See exhibit 1, pages 24-25).

9. the statements of the credit card shows that [Rosado] failed to make payments for: April, May, June, July, and August 2016. (see exhibit 2)

10. The payment history of the personal loan shows that [Rosado] failed to make payments for: November and December 2015 and January, February, March, April, May, and June 2016. (see exhibit 3)

11. Banco Santander has always reported [Rosado]'s accounts pursuant to the terms and conditions of the loan and the credit card original agreements. See exhibit 4, Sworn Statement.

12. Banco Santander has been reducing the owed balance on Plaintiff accounts pursuant for the payments received from Plaintiff. (See exhibit 4, sworn statement).

Dkt. 115 at ¶¶ 1–12.  Rosado's opposition to Santander's motion for summary judgment does not reject, deny, qualify, or even address facts 1–10 or fact 12. *See generally* Dkt. 118. Therefore, this court will accept these facts as uncontroverted. *See* D.P.R.R 56(e).

Rosado did, in a way, address fact 11, which alleges that Santander has always reported Rosado's accounts pursuant to the agreement. Dkt. 115 at ¶ 11. Santander supported this document by citing to an affidavit by a Santander supervisor affirming that they have accurately reported Rosado's payments to the credit reporting agencies. Dkt. 115-4 at 1; Fed. R. Civ. P. 56(c)(1)(A). In his opposition, Rosado claims that Santander failed, and still fails, to accurately report his payments in violation of the FCRA. Dkt. 118 at ¶ 2. However, Rosado does not specifically refer to any of Santander's uncontested facts. D.P.R.R 56(c); s*ee* Dkt. 118. Rosado also fails to cite to any material in the record to support his claim that Santander is failing in its duty to fairly and accurately report his payments to the credit bureaus. D.P.R.R 56(e); *see* Dkt. 118.

The entire purpose of Local Rule 56's citation requirement is to "require the parties to focus the district court's attention on what is, and what is not, genuinely controverted . . . . Otherwise, the parties would improperly shift the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colon*, 511 F.3d at 219. Throughout this case's nearly two-year lifespan, Rosado has submitted so many motions that this court ordered him to stop. Dkt. 91 ("The Court ordered Plaintiff not to file any additional motions in the docket"). Many of these motions contained multiple attachments, including website screenshots, handwritten notes by Rosado, and e-mail communications to name a few. *See e.g.*, Dkts. 2, 84, 88. Attempting to find evidence to adequately support Rosado's claim of improper reporting would force this court to "grope unaided for factual needles in a documentary haystack." *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 8 (1st Cir. 2007).

Rosado's position as a pro se litigant does grant him some leniency in his submissions. For example, complaints filed pro se "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, this more liberal standard "cannot be taken to mean that pro se complaints are

held to no standard at all." *Green v. Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985). A document which completely flouts the rules of civil procedure is subject to dismissal regardless of its pro se origins. *See id.*

Throughout the entirety of this case, Rosado has had numerous difficulties comporting with both the Federal Rules of Civil Procedure and the Local Rules of the District of Puerto Rico. *See* Dkts. 48, 73, 75, 83. The court warned Rosado several times that if he did not begin to adhere to the court's rules, he could be subject to sanctions up to and including dismissal of his case. Dkts. 73, 75, 83 ("Plaintiff must comply with the Federal Rules of Civil Procedure as well as this court's local rules; repeated non-compliance with these and other rules shall result in the imposition of sanctions, including dismissal with prejudice of Plaintiff's case") (All-caps removed).   The court provided Rosado with pro bono counsel on two separate occasions. *See* Dkts. 16, 48.  Yet Rosado rejected counsel both times and elected to continue litigating pro se, despite being made explicitly aware of his difficulties in navigating the complexities of federal litigation. Dkts. 18, 53, 75 at 2.

Even a cursory glance at this case's history shows that Rosado did not undertake the necessary actions to bring a claim against a furnisher of credit information under the FCRA. While Rosado did write to the CRAs regarding his issues, Rosado did not proffer any evidence that the CRAs have notified Santander of the dispute. *Barrepski,* 439 F. App'x at 12; *see* Dkts. 2, 7. In fact, at no point in his complaint does Rosado even mention the specific statute which creates a cause of action against furnishers of inaccurate payment information. Rosado's complaint focuses exclusively on the idea that Santander is violating the FCRA by reporting inaccurate information to the CRAs. Dkt. 2 at 3. However, this alleged inaccurate reporting is not enough to grant Rosado a private right of action, and his complaint and subsequent motions do nothing to show an actionable claim against Santander.  *Chiang,* 595 F.3d at 35. Even assuming, *arguendo*, that the record supports an allegation that Santander was notified by the CRAs of Rosado's complaints, Rosado has

not met his burden of demonstrating a genuine issue of fact that Santander's investigation was inadequate.

Therefore, pursuant to Local Rule 56(e), the claims that Rosado alleges in his opposition statement are disregarded for lack of specific citation to the record. Dkt. 118; D.P.R.R. 56(e). Santander's claims of proper reporting to the credit bureaus, as they are supported via affidavit and uncontroverted by Rosado's opposition, are admitted pursuant to Local Rule 56(e). Dkt. 115 at ¶ 11; Fed. R. Civ. P. 56(c)(1)(A); D.P.R.R. 56(e); *see* Dkt. 118. This court thus deems admitted that Rosado failed to make numerous payments for both his MasterCard and personal loan accounts with Santander and that Santander properly reported Rosado's payments to the CRAs. Dkt. 115 at ¶¶ 4, 11. In light of these admissions, it is clear that he has no grounds to bring a private suit against Santander for FCRA violations. *Chiang,* 595 F.3d at 35; *See also* 15 U.S.C. 1681s–2(c)(1). Moreover, Rosado presents no reason to believe that Santander acted improperly in its reporting of his payments to the CRAs. *See* Dkt. 118. Since Rosado failed to both establish a cause of action and controvert Santander's evidence showing proper reporting, summary judgment is warranted in this case.

## CONCLUSION

For the foregoing reasons, Banco Santander Puerto Rico's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 24th day of July, 2019.

S/Bruce J. McGiverin
BRUCE J. McGIVERIN
United States Magistrate Judge